Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8820 | **DATE** | 6/11/2013 |
| **CASE TITLE** | York vs. LTD Financial | | |

**DOCKET ENTRY TEXT**

Judgment is hereby entered in favor of LTD Financial Services, LP, defendant, and against Philip York, plaintiff, in the amount of $10,010.00, a sum representing a reasonable attorney's fee as authorized by 15 U.S.C. § 1681n(c). See Statement section.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff, Philip York, filed this lawsuit under the Fair Credit Reporting Act, 15 U.S.C. § 1681n(b), alleging that defendant, LTD Financial Services, LP ("LTD"), had obtained his credit report without a permissible purpose. Under § 1681n(c), where a party has filed a motion or other paper in connection with an action under the Act for purposes of harassment or in bad faith, the court is to award the prevailing party an attorney's fee in reasonable relation to the work expended in responding to the pleading, motion or other paper.[1] In this case, Philip York served on LTD responses to interrogatories and requests to admit that were dishonest, lacking in candor and unresponsive. The court granted LTD's motion to compel, specifically directing plaintiff "to provide honest, candid and straight-forward answers to defendant's interrogatories and requests for production no later than 4/25/2013," warning that "[f]ailure to comply will result in imposition of expenses for the costs of bringing the motion and the case will be dismissed." (Dkt. No. 18). Plaintiff did not serve corrected responses to discovery as directed and the court dismissed the lawsuit on May 2, 2013, allowing defendant 14 days to file a statement of fees and costs. On May 15, defendant filed a statement with supporting documentation. The court allowed plaintiff until June 4 to file any objections. No objections have been filed.

The court finds for several reasons that plaintiff filed this lawsuit in bad faith within the meaning of § 1681n(c). First, LTD notified plaintiff in attempting to collect a debt that it was collecting on behalf of Citibank with respect to a particular Visa account and that it claimed authority to collect the debt under section 604 (§1681b) of the Act. Plaintiff did not allege in his complaint any specific fact that would, if proved, demonstrate that LTD had violated the Act, for example, that he had made reasonable inquiry of LTD as to the basis of their claim of authorization. Second, by virtue of his grossly improper responses to discovery and his failure to comply with the court's orders to correct them, the court can only infer that he

**STATEMENT**

cannot do so.  Third, plaintiff has filed 9 similar *pro se* cases in this district against a variety of defendants, none of which has passed the initial pleadings stage. (One case, No. 12-8142, is currently pending on a motion to dismiss.)  The first two cases, Nos. 12-8131 and 12-8138, were settled soon after filing, suggesting an improper purpose of obtaining money from nuisance filings may be at work.  Fourth, LTD represents that it served plaintiff with notice under Rule 11, Fed. R. Civ. P., that it believed the case was not well grounded in fact or law but plaintiff did not dismiss the suit.   Finally, plaintiff did not appear at a hearing on LTD's motion to deem admitted its requests for admission, which means that the requests to admit are admitted and LTD would, upon motion, be entitled to judgment in its favor.

This court has reviewed the submission of defendant as to the time expended and the hourly rates claimed. LTD's statement of fees is reasonable in terms of hours expended and the hourly rate of the attorneys appearing on the case.

1. Section 1681o(a), which imposes liability for negligent noncompliance with the Fair Credit Reporting Act, similarly has a fee shifting provision for bad faith or harassing filings.